ROVA FARMS, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. AARON GORDON, DEFENDANT-RESPONDENT.

Argued February 4, 1943—Decided April 29, 1943.

For the appellant, *Robert A. Lederer.*

For the respondent, *Aaron Gordon* and *John W. Ockford.*

The opinion of the court was delivered by

PARKER, J.   The suit was brought under the "Declaratory Judgments" Act, chapter 140 of *Pamph. L.* 1924, now *R. S.* 2:26-66, *et seq.;* and the question propounded, and decided by Judge William A. Smith on stipulated facts at a trial without jury is that of priority as between (a) proceedings in the Orphans Court, wherein the estate of one William Samuel, a resident of California at the time of his death in California on March 2d, 1928, was declared insolvent, and certain real estate in Ocean County, after ancillary probate of his will, was ordered to be sold and was sold accordingly: and (b) an attachment suit in the Circuit Court of the same county, after the death of Samuel and after a surrogate's order barring creditors, against the executors and devisees under his will. It is to be noted that the first order to sell lands for payment of debts was on June 23d, 1931, considerably more than a year from the death of the testator, and hence, under the statute *R. S.* 3:25-37 would vest in a purchaser only the estate of which the   *   *   *   devisees were seized at the time

of the making of the order. The attachment was taken out on November 2d, 1929, over eighteen months earlier than the order for sale. That sale was not completed and was abandoned, and no actual sale took place until 1934. On the other hand, the right to attach as against the heirs or devisees of William Samuel is definitely declared by section 5 of the Attachment Act of 1901 (*Pamph. L., p.* 159) now *R. S.* 2:42-10 and 11.

Judge Smith, sitting without jury, wrote a comprehensive opinion in the case: but the foregoing suffices in our judgment for a statement of the determinative question for decision, and the answer to be given to it. As to the suggestion that priority is given to the plaintiff over other creditors, the answer is that in attachment all creditors may come in and prove their claims and all share *pro rata.*

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, RAFFERTY, THOMPSON, JJ. 13.

*For reversal*—None.